UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RITA C. SIMPSON-VLACH, ALAN SIMPSON-VLACH, on behalf of A.S. and M.S., and individually, KATHY BISHOP, CHRISTOPHER PLACE, on behalf of C.P. and H.P., and individually, | Case No. 21-cv-11532<br><br>HON. JUDITH E. LEVY<br><br>MAG. ANTHONY P. PATTI |
| Plaintiffs, | **REPLY BRIEF IN FURTHER SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| MICHIGAN DEPARTMENT OF EDUCATION, ANN ARBOR PUBLIC SCHOOLS, WASHTENAW INTERMEDIATE SCHOOL DISTRICT, DR. JEANICE SWIFT, in her official Capacity, DR. MARIANNE FIDISHIN, in her official capacity, SCOTT MENZEL, in his official capacity, NAOMI NORMAN, in her official capacity, MICHAEL F. RICE, Ph.D., in his official capacity, | |
| Defendants. | |

Charlotte G. Carne (P61153)
Brain Injury Rights Group MI
Attorneys for Plaintiff
300 East 95th Street, Suite 130
New York, NY 10128
646-850-5035
charlotte@pabilaw.org

Neil Giovanatti (P82305)
Nadia D. Vann (P83543)
Assistant Attorneys General
Attorneys for State Defendants
MI Dep't of Attorney General
Health, Education & Family Services
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
vannn@michigan.gov

Richard J. Landau (P42223)
Attorney for AAPS Defendants
5340 Plymouth Road
Suite 200
Ann Arbor, MI 48105
734-865-1585
rjlandau@rjlps.com

Timothy J. Mullins (P28021)
John L. Miller (P71913)
Travis M. Comstock (P72025)
Giarmarco, Mullins & Horton, P.C.
Attorneys for WISD Defendants
101 W. Big Beaver Rd., 10th Floor
Troy, MI 48084
(248) 457-7020
tmullins@gmhlaw.com
jmiller@gmhlaw.com
tcomstock@gmhlaw.com

# REPLY BRIEF IN FURTHER SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS

State Defendants submit this reply brief in response to Plaintiffs' Response to State Defendants' Motion to Dismiss, ECF No. 41 ("Pls.' Opp."). As discussed below, Plaintiffs' arguments against dismissal fail.

## I. The Eleventh Amendment bars Counts 2, 4, 5, 6, 7, and 8 against the State Defendants.

For Count 4, Plaintiffs contend immunity does not apply because they alleged a violation of the Fourteenth Amendment by asserting that disabled students suffered a "disparate impact" from the closure of schools. (Pl.'s Opp. at 7–8.) But "disparate impact and foreseeable consequences, without more, do not establish a constitutional violation." *Columbus Bd. of Educ. v. Penick*, 443 U.S. 449, 465 (1979). And where disparate impact is alleged, it must be accompanied by allegations of an intent to discriminate. *Castillo v. Whitmer*, 823 F. App'x 416, 417 (6th Cir. 2020). Plaintiffs do not allege any intent to discriminate by the State Defendants, nor any non-conclusory allegations of disparate impact. Thus, Plaintiffs' bare allegation of disparate impact does not allege a Fourteenth Amendment violation and does not abrogate sovereign immunity for the ADA claim.[1]

---

[1] For the same reasons, Plaintiffs' disparate impact argument in support of their equal protection, ADA, § 504, MARSE, and PWDCRA

Plaintiffs also contend that Counts 2 and 5, which allege violations of state statutes, are not barred because the state statutes (MARSE and PWDCRA) are similar to federal statutes (IDEA and ADA). (Pl.'s Opp. at 6–9.) But the state statutes' relatedness to federal statutes is irrelevant for sovereign immunity. "[T]he States' constitutional immunity from suit prohibits *all state-law claims* filed against a State in federal court." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (emphasis added). Counts 2 and 5 are barred.

Next, Plaintiffs claim their Fourteenth Amendment claim survives based on the *Ex Parte Young* exception. (Pls.' Opp. at 9.) But, as described in State Defendants' motion, there is no "continuing violation of federal law" alleged in the Complaint as students have returned to the classroom. *Green v. Mansour*, 474 U.S. 64, 68 (1985). Plaintiffs' demand for injunctive and declaratory relief as a remedy for alleged violations of federal law over the two previous school years does not implicate *Ex parte Young. See Edelman v. Jordan*, 415 U.S. 651, 664 (1974) (the *Ex parte Young* exception is for prospective relief only).

---

claims fail. (See Pls.' Opp. at 24–25.) *See also M.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 453 (6th Cir. 2021).

2

Finally, Plaintiffs contends the precedent establishing that RICO claims are barred by Eleventh Amendment immunity is "not persuasive." (Pls.' Opp. 9–10.) Plaintiffs identify no Sixth Circuit precedent to support their position. *See Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005) (holding Congress did not abrogate Eleventh Amendment immunity for § 1983 or RICO claims).

Accordingly, Counts 2, 4, 5, 6, 7, and 8 must be dismissed.

## II. Plaintiffs' failure to exhaust their administrative remedies is fatal to their Denial-of-FAPE claims.

In their Opposition, Plaintiffs claim they are exempt from the statutory exhaustion requirement for all claims alleging a denial of FAPE—here, Counts 1-6—arguing (1) exhaustion would be futile due to the systemic nature of their claims and (2) the Plaintiffs were not provided with notice of their procedural rights. (Pls.' Opp. 11–19.) The burden of demonstrating an exception to exhausting administrative remedies falls on the party seeking to avoid them. *Honig v. Doe*, 484 U.S. 305, 327 (1988). Plaintiffs do not meet their burden here.

For the futility argument, when the Sixth Circuit has entertained such exception, it has consistently held that exhaustion is required

3

where a remedy under the IDEA is available to address the students' purported injury. *See S.E. v. Grant County Bd. of Educ.,* 544 F.3d 633, 642–43 (6th Cir. 2008); *Gean v. Hattaway*, 330 F.3d 758, 77374 (6th Cir. 2003). Here, Plaintiffs concede in their Complaint that remedies are available under the IDEA as they seek, among other things, special education evaluations for the Plaintiffs. (See Compl. ¶ 157 (PageID.23).) Moreover, Plaintiffs recently initiated due process proceedings where they seek remedies clearly available under the IDEA like the implementation of the students' IEP, costs for special education services, and independent evaluations. (See, e.g., ECF No. 36-11 at PageID.737–738.) Plaintiffs' decision not to seek these remedies through an administrative proceeding *before* initiating this action flies in the face of the exhaustion requirement.

Plaintiffs also do not cite any binding precedent establishing a systemic-related exception to exhaustion. Instead, Plaintiffs rely on *D.R. v. Michigan Department of Education*, wherein the court found the IDEA exhaustion requirement futile because "[t]he relief the [plaintiffs sought] is plainly not individual and could not be remedied by individual exhaustion." No. 16-13694, 2017 U.S. Dist. LEXIS 222030,

4

at *17 (E.D. Mich., Sept. 29, 2017). Here, distinct from *D.R.*, the claims could be remedied by individual students. In fact, as discussed above, the named Plaintiffs are currently seeking individual remedies in administrative proceedings. (See, e.g., ECF No. 36-11.) Moreover, the effects of school closures due to the COVID-19 pandemic must be assessed at an individual level and cannot be addressed by broad, sweeping remedies that would not be suitable for all students with disabilities. All Plaintiffs' proposed remedies, including the appointment of a special monitor, are strictly related to providing a FAPE to students and can (and should) be analyzed individually. Thus, far from being futile, the exhaustion process could provide each student the remedies they are entitled to under the IDEA.

Plaintiffs further argue they are excused from exhausting their claims because "Plaintiffs were not given full notice of their procedural rights under the IDEA." (Pls.' Opp. at 15.) This assertion is not supported by any factual allegations and, on that basis alone, fails to meet Plaintiffs' burden. Indeed, it is unclear what procedural rights Plaintiffs were unaware of that could warrant an exception to the exhaustion requirement.

5

Put simply, Plaintiffs cannot meet their burden to avoid exhaustion, and their Denial-of-FAPE claims should be dismissed.

### III. Plaintiffs' RICO claims are flawed on multiple levels.

In their Opposition, Plaintiffs again fail to assert or identify any allegation in support of their RICO claims. (See Pls.' Opp. at 19–24.)

*Standing* – As addressed in State Defendants' motion, RICO standing has two components: (1) the type of injury must be a "business or property" injury and (2) there must be a connection between the injury and racketeering violation. *See* 18 U.S.C. § 1964(c). Plaintiffs' claim their IDEA rights somehow grants them a "property interest" in IDEA funds. (Pls.' Opp. at 22.) No precedent supports this contention and, even if some did, Plaintiffs still fail to allege any "proprietary" injury. *Jackson v. Sedgwick Claims Mgmt. Servs.*, 731 F.3d 556, 569 (6th Cir. 2013). For the second prong on standing, Plaintiffs provide no argument. Their purported injury (lack of FAPE) is, at best, a derivative or passed-on injury and, thus, insufficient to establish standing. *See J.T. v. de Blasio,* 500 F. Supp. 3d 137, 165–66 (S.D.N.Y 2020).

*Predicate acts* – Plaintiffs argues that their conclusory allegations of wire and mail fraud are sufficient to plead predicate acts. (Pls.' Opp.

6

at 23.) Not so. Federal Rule of Civil Procedure 9(b) requires that fraud allegations be pleaded with particularity. Plaintiffs do not allege any intent to deceive, any plausible false statement made by Dr. Rice, or that Plaintiffs were themselves deceived in any respect.

*Continuity* and *Conspiracy* – Plaintiffs provide almost no analysis in their Opposition on these points. State Defendants accordingly rest on their arguments in their original brief. (See PageID.228–230.)

## CONCLUSION AND RELIEF SOUGHT

For the reasons set forth in State Defendants' motion to dismiss (ECF No. 20) and as further discussed above, State Defendants request that the Court grant their motion, dismiss all claims against the State Defendants with prejudice, and grant State Defendants such and further relief as the Court deems just and appropriate.

    Respectfully submitted,

    Dana Nessel
    Attorney General

    /s/ Neil Giovanatti
    Neil Giovanatti (P82305)
    Assistant Attorney General
    Attorney for State Defendants

Dated: September 9, 2021

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on September 9, 2021, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to all attorneys of record in this matter.

/s/ Neil Giovanatti
Neil Giovanatti (P82305)
Assistant Attorney General