UNITED STATES DISTRICT COURT
EASTERN DISTRICT MICHIGAN

RITA C. SIMPSON-VLACH,
ALAN SIMPSON-VLACH,
on behalf of A.S. and M.S., and
individually, KATHY BISHOP,
CHRISTOPHER PLACE,
on behalf of C.P. and H.P, and
individually,

                Plaintiffs,    Civil Action No. 21-cv-11532

v.                                      Honorable Judith E. Levy

MICHIGAN DEPARTMENT OF EDUCATION,
ANN ARBOR PUBLIC SCHOOLS,
WASHTENAW INTERMEDIATE SCHOOL DISTRICT,
DR. JEANICE SWIFT, in her official capacity,
DR. MARIANNE FIDISHIN, in her official capacity,
SCOTT MENZEL, in his official capacity,
NAOMI NORMAN, in her official capacity,
MICHAEL F. RICE, Ph.D., in his official capacity,

                Defendants.
_____/

| | |
|---|---|
| Charlotte G. Carne (P61153)<br>Rory J. Bellantoni<br>Brain Injury Rights Group<br>Attorneys for Plaintiffs<br>300 East 95th Street, Suite 130<br>New York, New York 10128<br>646-850-5035<br>charlotte@pabilaw.org | Neil Giovanatti (P82305)<br>Assistant Attorney General<br>Attorney for State Defendants<br>Michigan Department of Attorney General<br>Health, Education & Family Services<br>P.P. Box 30758<br>Lansing, MI 48909<br>(517) 335-7603<br>giovanattin@michigan.gov |
| Richard J. Landau (P42223)<br>Attorney for AAPS Defendants | Timothy J. Mullins (P28021)<br>John L Miller (P71913) |

| | |
|---|---|
| 5340 Plymouth Rd.<br>Suite 200<br>Ann Arbor, MI 48105<br>734-865-1585<br>rjlandau@rjlps.com | Travis M. Comstock (P72025)<br>Giarmarco, Mullins & Horton, P,C.<br>Attorneys for WISD Defendants<br>Troy, MI 48084<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>jmiller@gmhlaw.com<br>tcomstock@gmhlaw.com |

**PLAINTIFFS' REPLY BRIEF IN OPPOSITION TO
THE WASHTENAW INTERMEDIAT SCHOOL DISTRICT
DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFFS'
<u>MOTION FOR A TEMPORARY RESTRAINING ORDER</u>**

I.  **PRELIMINARY STATEMENT**

On January 5, 2022, Plaintiffs moved for a temporary restraining order:

> 1. To enjoin AAPS from changing the Plaintiffs' and putative class members' current educational placement from in-person instruction to remote, virtual instruction in violation of IDEA.
>
> 2. To enjoin the WISD and MDE from allowing their school districts and local educational agencies from changing the educational placement of students with qualifying disabilities under IDEA to virtual, remote learning without complying with the procedural safeguards outlined in IDEA.

(ECF No. 52, PageID.1383.) The WISD Defendants filed their Response on January 14, 2022. (ECF No. 57.) Of all the Defendants' Responses to Plaintiffs' Motion for a Temporary Restraining Order, the WISD Defendants' engage in the most hyperbole and exaggeration. (*Id*.) Despite these distractions, they fail to show any reason the requested relief should not issue. Accordingly, the relief requested in Plaintiffs' motion for a temporary restraining order should be granted.

II.  **LEGAL STANDARDS**

Plaintiffs incorporate by reference the legal standard articulated in their Motion for a Temporary Restraining Order, pursuant to 20 U.S.C. § 1415(j). (ECF No. 52.) Section 1415(j), known as the IDEA's stay-put provision, provides in pertinent part, "during the pendency of any proceedings conducted pursuant to this section unless the State or local educational agency and the parents otherwise agree,

1

the child shall remain in the then-current educational placement of the child." 20 U.S.C. § 1415(j), 34 C.F.R. § 300.518.

### III. ANALYSIS

#### A. *A Temporary Shift to Virtual Learning for All Students is a Change in Placement*

WISD Defendants state that "no federal court has held, in the context of COVID-19 precautionary measures to control the spread of the virus, that a temporary shift to virtual learning violates the IDEA for every disabled student in an entire district, court, or even state." (ECF No. 57, PageID.1583.) This is incorrect.

In *E.E. v. the State of California,* students with disabilities challenged a California state law that limited distance learning to a single format that was inaccessible to students with disabilities. *E.E. v. State of California*, 21-cv-07585-S1, 2021 WL 5139660, at * 1 (N.D. Cal. 2021). Assembly Bill 130 limited distance learning to independent study for all students – disabled or non-disabled. *Id*. at *2. Plaintiffs introduced evidence that independent study was not accessible to them due to their disabilities. *Id*. The Court issued a temporary restraining order ordering defendants to "take all steps necessary to restore the status quo by ensuring that these students have meaningful access to:"

> 1. Virtual instruction, including direct assistance from trained instructors and opportunities for interaction with peers, comparable to that provided in the 2020-2021 school year; and
>
> 2. The services and accommodations in the [students'] Individualized Education Plans ("IEPs").

2

*Id*. at *16.

The Court held that AB 130 discriminated against Plaintiffs under IDEA, the ADA, and the Rehabilitation Act. *Id*. Applying *E.E.* to the case at bar, a temporary shift to virtual learning for all students, which does not provide students meaningful access to education, constitutes a change of placement. *Id*. The WISD Defendants' compliance in the AAPS Defendants' systemic change in placement to remote learning, even though it applied to both disabled and non-disabled children alike, discriminated against disabled students. Whether the WISD Defendants allow that its districts provide in-person or virtual learning, they must ensure that disabled students have meaningful access to education. *Id*.

The WISD Defendants also state that "[t]he U.S. Department of Education had [sic] not changed its guidance from early spring 2020 – the temporary provision of online or virtual learning is not a change of placement as contemplated by the IDEA." (ECF No. 57, PageID.1585.) This is not exactly what the U.S. Department of Education indicated in its guidance. (ECF No. 1.) In response to the COVID-19 pandemic, the United States Department of Education ("U.S. DOE") published two guidance documents to school districts in March of 2020: a Supplemental Fact Sheet and a Questions and Answers document. (ECF No. 1.) The Fact Sheet stated: "To be clear: ensuring compliance with the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act (Section § 504), and Title II of the Americans with Disabilities Act ***should not prevent any school from offering educational programs through distance instruction***." (ECF No. 1.) The Questions and Answers sheet stated that each school would have to "make an individualized

3

determination whether and to what extent compensatory services may be needed, consistent with applicable requirements, including to make up for any skills that may have been lost." (*Id*.) The U.S. DOE did not provide any waivers of IDEA to any state. (*Id*.) Just because the U.S. DOE stated that IDEA did not prevent any school from offering virtual instruction, it also did not waive any of IDEA's procedural requirements. (*Id*.) Moreover, the U.S. DOE has been clear about the impact of the COVID-19 pandemic. Indeed, the U.S. Department of Education's Office of Civil Rights issued a report entitled, *Education in a Pandemic: The Disparate Impacts of COVID-19 on America's Students.* (Exhibit 1.) This report illustrates that the COVID-19 disruptions are exacerbating longstanding disability-based disparities in academic achievement and the administrative process has done little to remedy these disparities. (*Id*.)

Lastly, the WISD Defendants make the absurd claim that if the Court grants the requested relief, it will result in school closures for winter storms, staff strikes, or tornados being labeled "changes in placement" under IDEA. There is one giant flaw in this argument. Schools do not offer any instruction during such closures. When schools are closed completely – for disabled and non-disabled students alike – with no opportunity for virtual instruction, IDEA does not apply. IDEA only applies when schools offer non-disabled students educational opportunities. It is there to ensure that disabled students have the same meaningful access to these opportunities.

### B.     Section 1415(j) is Applicable to "The Pendency of Any Proceedings"

Section 1415(j), the stay put provision, reads:

4

> during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed. 20 U.S.C. § 1415.

Section 1415(j) requires school districts to keep children in their current educational placement "during the pendency of any proceedings conducted pursuant to this section." This includes mediation, due process hearings, state administrative review and civil actions. *See Joshua A. v. Rocklin Unified School Dist*, 559 F.3d 1036, 1038 (9th Cir. 2009). Accordingly, parents of students qualifying under IDEA can bring a complaint on ***day one*** of a school closure to ensure their children stay in their current placement pending the outcome of the underlying proceedings. Admittedly, Plaintiffs have not filed new due process complaints in the case at bar. However, an automatic injunction may issue under the IDEA's stay-put provision in the absence of administrative proceedings. Requiring plaintiffs, such as the Plaintiffs herein, to go through the administrative proceedings simply to obtain a stay in proceedings would be putting form over substance. *D.M. v. New Jersey Dep't of Educ.*, No. CIV.A. 14-4620 ES, 2014 WL 4271646, at *6 (D.N.J. Aug. 28, 2014).

### C. *Plaintiffs Also Satisfy the Traditional Injunctive Relief Elements*

Under the traditional injunctive relief elements, a Court's decision to award preliminary injunctive relief is governed by a four-factor test: 1) whether the moving party has a strong likelihood of success on the merits; 2) whether the moving party

5

would suffer irreparable injury in the absence of injunctive relief; 3) whether an award of preliminary injunctive relief would cause substantial harm to others, and 4) whether the public interest would be served by the requested award. *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiffs satisfy these elements as outlined in Plaintiffs' Reply to AAPS Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order. Plaintiffs incorporate that argument as if restated in its entirety herein.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court issue a temporary restraining order ordering defendants to take all steps necessary to restore the status quo by ensuring that Plaintiffs have meaningful access to education by:

> 1. Enjoining AAPS from changing the Plaintiffs' and putative class members' current educational placement from in-person instruction to remote, virtual instruction in violation of IDEA.
>
> 2. Enjoining the WISD and MDE from allowing their school districts and local educational agencies to change the educational placement of students with qualifying disabilities under IDEA to virtual, remote learning without complying with the procedural safeguards outlined in IDEA.

> Respectfully submitted,
> Brain Injury Rights Group
> *Attorneys for Plaintiffs*

By:   <u>/S/ Charlotte G. Carne</u>
Charlotte G. Carne (P61153)
300 East 95th Street, Suite 130
New York, NY 10128
(646) 850-5035
charlotte@pabilaw.org

7

## PLAINTIFFS' CERTIFICATE OF SERVICE
## FOR PLAINTIFFS' REPLY BRIEF
## IN OPPOSITION TO WISD DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

I hereby certify that on January 20, 2022, I electronically filed the Plaintiffs' Reply Brief in Opposition to WISD Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order with the Clerk of the Court using the ECF System, which will provide electronic copies to all attorneys of record in this matter.

By:    /S/ Charlotte G. Carne
Charlotte G. Carne (P61153)
300 East 95th Street, Suite 130
New York, NY 10128
(646) 850-5035
charlotte@pabilaw.org

8