UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rita C. Simpson-Vlach, *et al.*,

                Plaintiffs,       Case No. 21-cv-11532

v.                                          Judith E. Levy
                                                United States District Judge

Michigan Department of
Education, *et al.*,                 Mag. Judge Anthony P. Patti

                Defendants.

_____/

**ORDER REQUIRING PLAINTIFFS TO
PROVIDE SUPPLEMENTAL BRIEFING**

On January 27, 2022, the Court held a hearing by video conference and heard oral argument on Plaintiffs' motion for a temporary restraining order (ECF No. 52) and three motions to dismiss filed by various sets of Defendants. (ECF Nos. 20, 34, 38.) During the hearing, Plaintiffs' voluntary dismissal of certain counts was discussed. Therefore, on February 3, 2022, the Court issued an order requiring Plaintiffs to inform the Court about the remaining counts in this case. (ECF No. 64.) Plaintiffs complied with that order. (ECF No. 68.)

The Court has reviewed Plaintiffs' filing. (*Id.*) It appears that Plaintiffs continue to pursue claims for which they allege injuries that may have been remedied. As a result, the Court now requires Plaintiffs to provide supplemental briefing on the justiciability of this case under Article III.

"Article III of the United States Constitution limits the federal judicial power to 'Cases' and 'Controversies.'" *League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 843 F. App'x 707, 709 (6th Cir. 2021) (quoting *Radiant Glob. Logistics, Inc. v. Furstenau*, 951 F.3d 393, 395 (6th Cir. 2020)). The Supreme Court states that

> [i]t is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L.Ed.2d 170 (1997) (internal quotation marks omitted). "[T]hroughout the litigation," the party seeking relief "'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer, supra,* at 7, 118 S. Ct. 978 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L.Ed.2d 400 (1990)).

*United States v. Juv. Male*, 564 U.S. 932, 936 (2011). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties

lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see League of Indep. Fitness Facilities & Trainers, Inc.*, 843 F. App'x at 709. "[D]ismissal on mootness grounds is mandatory '[i]f after filing a complaint the claimant loses a personal stake in the action, making it "impossible for the court to grant any effectual relief[.]"'" *Thomas v. City of Memphis, Tenn.*, 996 F.3d 318, 330 (6th Cir. 2021) (second and third alterations in original) (quoting *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013)).

During the hearing held on January 27, 2022, Plaintiffs' counsel indicated that the Release and Settlement Agreements fully redress Plaintiffs' injuries.[1] Therefore, Plaintiffs must demonstrate to the Court

---

[1] The following exchange between the Court and Plaintiffs' counsel took place during the hearing:

> THE COURT: [Y]ou got full relief through the administrative process you say other than systemic issues.
>
> MS. CARNE: We settled—each of the plaintiffs settled with Ann Arbor Public Schools and got some form of compensatory relief for payment for—compensatory relief I guess I should say without getting into specifics that I don't want to get into.

3

> THE COURT: Okay. But you're [sic] free and appropriate public education [(FAPE)] issues were resolved in the administrative process. Am I correct?
>
> MS. CARNE: Correct.
>
> \* \* \*
>
> THE COURT: [D]o you have any compliance problems with the settlement agreements? Are you alleging any failure there?
>
> MS. CARNE: No.

(ECF No. 62, PageID.1777–1778; *see id.* at PageID.1807, 1830.) When asked what remedy the Court can provide to Plaintiffs to address their allegations of a denial of a FAPE, Plaintiffs' counsel responded: "Your Honor, if we're not going to proceed on the fact that this is a putative class action, we can't—there is nothing to remedy. I mean, the four plaintiffs, these four plaintiffs did get compensatory education." (*Id.* at PageID.1801; *see id.* at PageID.1797 (agreeing that "[t]hese four plaintiffs have gotten compensatory services"); *see id.* at PageID.1830 (stating that the complaint's prayer for relief number 7 regarding the assignment of a special monitor "wouldn't apply anymore to any of the . . . named plaintiffs").)

At a later point during the hearing, the following exchange between the Court and Plaintiffs' counsel took place regarding the first alleged systemic violation in Count 1:

> THE COURT: [W]hat . . . this alleged failure did was deprive your clients of a FAPE?
>
> MS. CARNE: Well, yes.
>
> THE COURT: And it caused regression and loss of competency?
>
> MS. CARNE: Correct.
>
> THE COURT: And that is 100 percent resolved by the administrative process now. For your clients only.
>
> MS. CARNE: For the named plaintiffs, they have received compensatory services.

4

that an actual case or controversy under Article III exists in this case, that the case is not moot, and that the exceptions to mootness recognized by the Sixth Circuit do not apply.

In addition, Plaintiffs must indicate to the Court how they intend to make out their RICO claim in Count 7 in light of the deficiencies that were noted during the hearing with respect to this claim. The deficiencies include, but are not limited to, Plaintiffs having suffered derivative or

---

> THE COURT: Okay. But it's 100—the FAPE is 100 percent resolved now for your named clients.
>
> MS. CARNE: The FAPE for the named clients is resolved now for the closures that occurred prior to this year.

(*Id.* at PageID.1814–1815.) Plaintiffs' counsel indicated that the second and third alleged systemic violations in Count 1 were "resolved" for "the four named plaintiffs." (*Id.* at PageID.1817.) With respect to the fourth alleged systemic violation in Count 1, the following exchange took place:

> THE COURT: Fourth violation was access to educational opportunities with regression or loss of competencies. And that has been resolved for your four clients.
>
> MS. CARNE: Named plaintiffs. For the four named plaintiffs, correct.
>
> THE COURT: Okay. So assuming we go forward on them, there's no relief that can be granted there. It is resolved.
>
> MS. CARNE: Which happens a lot in IDEA class actions.

(*Id.* at PageID.1817–1818.) The Court noted during the hearing that "this [case] is not certified as a class action." (*Id.* at PageID.1769; *see id.* at PageID.1774, 1807.)

passed-on injuries and Plaintiffs not having been injured in their business or property. (*See* ECF No. 64, PageID.1835–1849, 1851–1853.) Plaintiffs must also articulate how the Court can grant them any effectual relief to address Count 7, given that the alleged injury in Count 7—the denial of a free and appropriate public education as well as "regressions in skills and loss of competencies" (ECF No. 1, PageID.40; ECF No. 62, PageID.1839)—was apparently remedied. *See supra* note 1.

Accordingly, by March 1, 2022, Plaintiffs must file a supplemental brief not to exceed fifteen pages that addresses the issues identified in this order. In the event that no Defendant objects to attorney Charlotte G. Carne's motion to withdraw (*see* ECF Nos. 65, 66), Plaintiffs' remaining counsel, Rory Bellantoni, must have local counsel file an appearance in this case before Plaintiffs submit their supplemental brief. *See* E.D. Mich. LR 83.20(f).

IT IS SO ORDERED.

Dated: February 22, 2022      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2022.

          s/William Barkholz
          WILLIAM BARKHOLZ
          Case Manager